| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1: | Colleen E Singleton<br>First Name   Middle Name   Last Name | Social Security number or ITIN: | xxx–xx–1118 |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN: | _ _ _ _ |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court: | Western District of Michigan | Date case filed for chapter: | 13    4/27/22 |
| Case number: | 22–00864–jtg | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

12/17

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov/).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Colleen E Singleton | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 4522 Airline Drive<br>Muskegon, MI 49444 | |
| 4. | **Debtor's attorney**<br>Name and address | Roger G. Cotner<br>Cotner Law Offices<br>PO Box 838<br>Grand Haven, MI 49417–0838 | Contact phone (616) 846–7153<br><br>Email: roger@cotnerlaw.us |
| 5. | **Bankruptcy trustee**<br>Name and address | Brett N. Rodgers<br>99 Monroe Ave NW, Ste 601<br>Grand Rapids, MI 49503 | Contact phone (616) 454–9638<br><br>Email: ecf@rodgersch13.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov/. | Michelle M. Wilson, Clerk of the Bankruptcy Court<br>One Division Ave., N.<br>Room 200<br>Grand Rapids, MI 49503 | Hours open:<br>M–F, 8 AM – 4 PM<br><br>Contact phone (616)456–2693<br><br>Date: 4/28/22 |

For more information, see page 2

Debtor **Colleen E Singleton**                                                                                     Case number **22–00864–jtg**

| 7. Meeting of creditors<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **June 14, 2022 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>**Until further notice, meetings will be held remotely. The trustee will issue a separate notice with further details.** |
|---|---|---|
| 8. **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: No later than 60 days after the first date set for the meeting of creditors.** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 7/6/22** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: No later than 180 days after the date of the order for relief.** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.  Please file your Proof of Claim electronically (a login & password is not required) by visiting: www.miwb.uscourts.gov. Select Filing a Proof of Claim located under For Creditors.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 9. **Hearing on Confirmation of Plan** | The hearing on confirmation will be held on:<br>**7/25/22** at **09:00 AM** , Location: **One Division Ave., N., 3rd Floor, Courtroom C, Grand Rapids, MI 49503** | |
| 10. **Filing of plan** | The debtor has filed a plan.   A copy of the plan will be sent seperately. | |
| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 12. **Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| 13. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  https://pacer.uscourts.gov/. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| 14. **Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

FORM EPOC (09/13)

# United States Bankruptcy Court

Western District of Michigan
One Division Ave., N.
Room 200
Grand Rapids, MI 49503

**Michelle M. Wilson**
**Clerk of Court**
(616) 456–2693 Tel.



---

**eLECTRONIC PROOF OF CLAIM FILING SYSTEM (ePOC)**

**Save Time & Money with ePOC!!!!**

---

ePOC enables creditors without a CM/ECF login/password to electronically file proofs of claims; thereby eliminating the need to complete the paper copy of the Proof of Claim form and mailing it to the Court for filing.

ePOC allows creditors to:

- Populate and electronically file Official Form B410 with the Court
- Attach optional supporting documentation in pdf format to the proof of claim
- Receive immediate verification of the filing
- Electronically file amended proofs of claim

To file your claim using ePOC, please go to the Court's website at: www.miwb.uscourts.gov

Once you access the website, click on the Electronic Proof of Claims link located under **Information for Creditors**

*Penalty for filing fraudulent claim:* **Fine of up to $500,000 or imprisonment for up to 5 years, or both. 11 U.S.C. §§ 152 and 3571.**